JOHN W. BARTON v. STATE.

No. A-839.   Opinion Filed November 9, 1911.

Appeal from Canadian County Court; H. L. Fogg, Judge.

R. B. Forrest, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.   The plaintiff in error, John W. Barton, was convicted in the county court of Canadian county of the crime of conducting a public gambling house and on April 23, 1910, was sentenced to serve a term of five months in the county jail and to pay a fine of five hundred dollars.   No brief has been filed.   We have examined the record proper and no prejudicial error is apparent.   The judgment is therefore affirmed and the cause remanded to the county court of Canadian county with direction to enforce its judgment therein.

---

JACK HUGHES v. STATE.

No. A-841.   Opinion Filed November 9, 1911.

Appeal from Osage County Court; C. T. Bennett, Judge.

Hargis, Sams & Hargis, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.   The plaintiff in error, Jack Hughes, was convicted in the county court of Osage county of a violation of the prohibition law.   On January 14, 1910, he was sentenced to serve a term of thirty days in the county jail and to pay a fine of one hundred and fifty dollars.   An appeal was attempted to be taken by filing in this court on July 28, 1910, a petition in error with case-made.   The Attorney General calls our attention to the fact that this appeal was not taken in time.   The statute provides (sec. 6948 Snyder's) that appeals in misdemeanor cases mast be taken within sixty days after the judgment is rendered, provided, that for good cause shown, the trial court or judge may extend such time not exceeding sixty days.   It is well settled that where an apepal in a criminal case is not taken in the limit of time prescribed by the statute this court does not acquire jurisdiction of the cause.   It is therefore ordered that the purported appeal be, and the same is, hereby dismissed, and the cause remanded to the county court of Osage county with direction to enforce its judgment therein.